1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9         **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   FIDEL PAJARILLO and ROSALINDA          CASE NO. 10CV937 DMS (JMA)
     PAJARILLO,
12                                          **ORDER GRANTING**
                              Plaintiffs,   **DEFENDANTS' MOTION TO**
13        vs.                               **DISMISS PLAINTIFFS'**
                                            **COMPLAINT**
14

15   BANK OF AMERICA, et al.,

16                             Defendants.

17

18        Pending before the Court is the motion of Defendants Bank of America, N.A. and ReconTrust

19   Company, N.A. (herein, "Defendants") to dismiss Plaintiffs' complaint or, in the alternative, for a

20   more definite statement.  For the following reasons, Defendants' motion to dismiss is granted.

21   Defendants' motion for a more definite statement is denied as moot.

22                                       **I.**

23                                 **BACKGROUND**

24        This action arises from Plaintiffs' purchase of property located at 2316 Vista Royal, Vista,

25   California in June 2006 and the mortgage acquired by Plaintiffs in conjunction with such purchase.

26   (Comp. Ex. 5.) Plaintiffs executed a Note secured by a Deed of Trust on June 29, 2006.  (*Id.* at ¶¶ 9,

27

28

1    17, 88, Ex. 5; MTD RJN Exs. A, D.)[1]  In the event of default, the Deed of Trust authorizes the lender

2    to invoke the power of sale and to direct the trustee to initiate foreclosure proceedings.  (MTD RJN

3    Ex. D.)  Plaintiffs failed to make a mortgage payment in 2008.  (*Id.* at Ex. E.)  On August 6, 2008, a

4    Notice of Default was recorded.  (*Id.*)  An initial Notice of Trustee's Sale was recorded on March 16,

5    2009.  (*Id.* at Ex. F.)

6         Plaintiffs filed the instant Complaint on April 30, 2010.  (Doc. 1.)  Plaintiffs plead twelve

7    claims for relief in their Complaint: (1) violation of HOEPA, (2) violation of RESPA, (3) violation

8    of TILA, (4) violation of FCRA, (5) fraudulent misrepresentation, (6) breach of fiduciary duty, (7)

9    unjust enrichment, (8) civil conspiracy, (9) violation of RICO, (10) quiet title, (11) usury and fraud,

10   and (12) wrongful foreclosure/sale.  On June 14, 2010, Defendants filed a motion to dismiss each of

11   the claims in the Complaint.  (Doc. 4.)  Plaintiffs filed an opposition and Defendants filed a reply.

12   (Docs. 7, 8.)

13   //

14   //

15

16        [1]      In support of their motion to dismiss, Defendants submit a request that the Court take
     judicial notice of multiple documents ("MTD RJN").  Generally, a court may not consider material
17   outside the complaint when ruling on a motion to dismiss.  However, a court may consider any
     documents incorporated by reference in the complaint, as well as material properly subject to judicial
18   notice, without converting the motion to dismiss into a motion for summary judgment.

19        A court may take judicial notice of facts that are not subject to reasonable dispute and are either
     "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and
20   ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R.
     Evid. 201(b).  Exhibits D through K to Defendants' MTD RJN are matters of public record subject to
21   judicial notice under Federal Rule of Evidence 201 and Defendants' request for judicial notice is
     granted as to these documents.  Defendants also request the Court take judicial notice of the Adjustable
22   Rate Note, Good Faith Estimate, and Truth in Lending Disclosure Statement–Exhibits A through C
     to the MTD RJN, respectively.  These documents are not appropriate for judicial notice as they are not
23   publicly recorded or otherwise easily verifiable.  They may, however, be considered by the Court under
     the doctrine of incorporation by reference.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)
24   ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's
     claim depends on the contents of a document, the defendant attaches the document to its motion to
25   dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does
     not explicitly allege the contents of that document in the complaint.").  Although Plaintiffs argue in
26   their Opposition that the copy of the Adjustable Rate Note submitted by Defendants does not include
     subsequent endorsements, they admit "Defendants' Exhibit 'A' is a photocopy of the Promissory Note
27   as it existed at the time of signing by the Plaintiffs."  (Opp. at 12.)  Plaintiffs do not contest the
     authenticity of either the Good Faith Estimate or the Truth in Lending Disclosure Statement.
28   Accordingly, although the Court does not take judicial notice of these three documents, it may consider
     them on the instant motion.  The Court may similarly consider the Pooling and Service Agreement
     attached as Exhibit 1 to Plaintiffs' Opposition under the doctrine of incorporation by reference.

10cv937

## II.

## LEGAL STANDARD

Defendants move to dismiss Plaintiffs' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  A party may move to dismiss a claim under Rule 12(b)(6) if the claimant fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Federal Rules require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court, however, recently established a more stringent standard of review for pleadings in the context of 12(b)(6) motions to dismiss.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  The reviewing court must therefore "identify the allegations in the complaint that are not entitled to the assumption of truth" and evaluate "the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief."  *Id.* at 1951.

## III.

## DISCUSSION

In their motion to dismiss, Defendants argue (1) Plaintiffs fail to allege any claim against either Bank of America, N.A. or ReconTrust Company, N.A.; (2) Plaintiffs lack standing to challenge the foreclosure of their property because they fail to allege tender; (3) Plaintiffs' allegations regarding disclosures and Defendants' authority to foreclose on their property are belied by the contents of the loan documents received by Plaintiffs; and (4) each of Plaintiffs' claims fails because it is untimely, barred as a matter of law, and/or insufficiently pled.  Plaintiffs assert Defendants' initiation of foreclosure proceedings against Plaintiffs' property was improper, Plaintiffs have standing to challenge

1   the foreclosure, and they sufficiently plead each claim for relief in the Complaint.

2   **A.      Claims Against Bank of America**

3   As an initial matter, Defendant Bank of America argues Plaintiffs make no specific allegations

4   against Bank of America in their Complaint, but rather "direct their allegations of wrongful conduct

5   at [Bank of America's] predecessor-in-interest, Countrywide Bank, N.A." (MTD at 4.)  In their

6   Opposition, Plaintiffs argue "[i]n its acquisition of Countrywide, Bank of America acquired *both* the

7   assets *and* liabilities of this lender. . . .  Bank of America is properly sued for matters regarding a loan

8   which originated with Countrywide but is currently serviced by, and threatened to be foreclosed upon,

9   by Bank of America." (Opp. at 4.)  However, in the Complaint itself, Plaintiffs merely state that

10  Defendant Bank of America "is sued as successor-in-interest to Countrywide Bank." (Comp. ¶ 5.)

11  Such an allegation is insufficient to impose liability upon Bank of America through either a veil

12  piercing or successor liability theory. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d

13  1177, 1192 (N.D. Cal. 2009); *see also Infante v. Bank of America Corp.*, 680 F. Supp. 2d 1298, 1305

14  (S.D. Fla. 2009).  Accordingly, Plaintiffs' claims against Defendant Bank of America are dismissed

15  with leave to amend.  Nonetheless, the Court addresses Defendants' remaining arguments and

16  Plaintiffs' claims below.

17  **B.      Tender**

18  Defendants argue the Complaint should be dismissed in its entirety because Plaintiffs fail to

19  allege tender of monies due under the promissory note.  The tender requirement–an allegation of

20  payment of the indebtedness or an offer in good faith and the ability to pay the indebtedness–applies

21  to any claim for relief for irregularity in a foreclosure sale. *Abdallah v. United Sav. Bank,* 43 Cal. App.

22  4th 1101, 1109 (1996).  The tender requirement also applies to bar any claim "implicitly integrated"

23  in the foreclosure sale. *Arnolds Mgmt. Corp. v. Eischen,* 158 Cal. App. 3d 575, 579 (1984).  Here,

24  however, Plaintiffs allege "[u]pon the true 'lenders' full performance of its obligations under HOEPA,

25  Plaintiff shall tender all sums to which the true lender is entitled." (Comp. ¶ 110.)  Accordingly, the

26  motion to dismiss is denied on this ground.

27  //

28  //

1    **C.      Plaintiffs' Claims for Relief**

2           **1.      Violation of HOEPA**

3           Plaintiffs' first claim alleges Defendant Bank of America violated the Home Ownership Equity

4    Protection Act ("HOEPA").  HOEPA requires additional disclosures for "a special class of regulated

5    loans that are made at higher interest rates or with excessive costs and fees." *In re Cmty. Bank of N.*

6    *Va.*, 418 F.3d 277, 304 (3d Cir. 2005); 15 U.S.C. §§ 1639(a), 1602(aa).  HOEPA is not itself an

7    independent regulatory scheme, but is rather an amendment to the Truth in Lending Act ("TILA").

8    Defendants argue Plaintiffs' HOEPA claim is barred by the statute of limitations.  Claims under

9    HOEPA are governed by the same statute of limitations as are claims under TILA: three years for

10   claims seeking rescission, which begins to run from "the date of consummation of the transaction",

11   and one year for claims seeking damages, which begins to run from "the occurrence of the violation."

12   15 U.S.C. §§ 1635(f), 1640(e); 12 C.F.R. § 226.23(a)(3).  Generally, absent evidence of undisclosed

13   credit terms or fraudulent concealment by Defendants, which Plaintiffs do not sufficiently plead here,

14   the violation occurs "at the time the loan documents were signed." *Meyer v. Ameriquest Mortg. Co.*,

15   342 F.3d 899, 902 (9th Cir. 2003).  Plaintiffs' loan closed in June 2006, but Plaintiffs did not file the

16   instant Complaint until April 30, 2010, nearly four years later.

17          Furthermore, although equitable tolling may apply to a TILA claim for damages, Plaintiffs'

18   allegations are insufficient to support such an application. *See King v. California*, 784 F.2d 910, 914-

19   15 (9th Cir. 1986).  Equitable tolling may arise where there is excusable delay by the plaintiff and

20   "may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing

21   on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).  There

22   are no allegations in the Complaint to support a claim that Plaintiffs acted with due diligence to learn

23   of the statutory violations.

24          **2.      Violation of RESPA**

25          Plaintiffs allege Defendant Bank of America violated provisions of the Real Estate Settlement

26   Procedures Act ("RESPA").  Specifically, Plaintiffs allege "Defendant accepted charges for the

27   rendering of real estate services which were in fact charges for other than services actually performed"

28   in violation of 12 U.S.C. § 2607(b) and "Defendant violated 12 USC [§] 2605 in its non-response to

1  Plaintiff's lawfully-submitted [Qualified Written Request]."  (Comp. ¶¶ 114, 116.)

2      Plaintiffs' claim for violation of § 2607 is not sufficiently pled to state a plausible claim for

3  relief.  Plaintiffs state in the Complaint that "the completely undisclosed [Yield Spread Premium] was

4  not disclosed by Defendant in their broker contract, which contract was blank in the area as to fees to

5  be paid to Defendant.  This is an illegal kickback in violation of 12 USC sec. 2607[a] . . . ."  (*Id.* at ¶

6  83.)  Plaintiffs further allege, "[b]y selling virtually worthless 'negotiable' paper at par or in the case

7  of toxic waste paper, 2-5 times par, the enterprise defendant reaped profits in the hundreds of

8  thousands of dollars on each such 'transaction.'"  (*Id.* at ¶ 67.)  Plaintiffs, however, fail to allege facts

9  supporting a violation of either § 2607(a) or (b) specific to their mortgage.

10      Defendants further argue Plaintiffs' claim for violation of § 2605 cannot stand because the

11  written documents sent by Plaintiffs did not constitute Qualified Written Requests ("QWR") within

12  the meaning of 12 U.S.C. § 2605(e) because they related to the origination, rather than the servicing

13  of the loan.  Plaintiffs allege "[o]n or about February 21, 2009, Plaintiffs submitted to Countrywide

14  a [QWR] under the provisions of [RESPA] in an attempt to ascertain what exactly had happened in

15  their mortgage loan" and attach a copy of this document as Exhibit 1 to the Complaint.  (*Id.* at ¶ 15,

16  Ex. 1.)  Plaintiffs further allege "[t]heir requests were ignored and/or denied in a 'blanket' refusal to

17  answer any requests specifically" in a letter dated May 26, 2009.  (*Id.* at ¶ 15.)  However, Plaintiffs

18  include as an exhibit to the Complaint a letter received in response to their submission, which

19  addressed multiple of Plaintiffs' requests and questions and enclosed copies of multiple documents,

20  including a payment history on Plaintiffs' mortgage.  (*Id.* at Ex. 2.)

21      **3.      Violation of TILA**

22      Plaintiffs allege Defendant Bank of America violated TILA and Regulation Z §§ 226.18(c),

23  18(d), and 22 by failing to disclose certain finance charges and calculating the annual percentage rate

24  based upon improperly calculated and disclosed amounts.  (Comp. ¶¶ 118-19.)  Plaintiffs seek

25  rescission in connection with this claim.  (*Id*. at ¶ 120.)  Defendants argue Plaintiffs' TILA claim is

26  time-barred and, furthermore, Plaintiffs have failed to sufficiently plead a TILA claim.

27      A claim for rescission under TILA expires "three years after the date of consumption of the

28  transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the

1    information and forms required under this section or any other disclosures required under this part

2    have not been delivered to the obligor . . . ." 15 U.S.C. § 1635(f).  Plaintiffs' loan closed in June 2006,

3    (*See* MTD RJN Exs. A, D), and Plaintiffs filed the instant action in April 2010, more than three years

4    later.  (Doc. 1.)  Because Section 1635(f) completely eliminates the right of rescission at the end of

5    three years, Plaintiffs' claim for rescission under TILA is time-barred.  *Beach v. Ocwent Fed. Bank*,

6    — U.S. —, 118 S. Ct. 1408, 1413 (1998); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th

7    Cir. 2002).

8            **4.      Violation of FCRA**

9            Plaintiffs' fourth claim for relief is against Defendant Bank of America for violation of the Fair

10   Credit Reporting Act ("FCRA").  (Comp. ¶¶ 121-28.)  Plaintiffs allege Defendant "wrongfully,

11   improperly, and illegally reported negative information as to the Plaintiff to one or more Credit

12   Reporting Agencies." (*Id*. at ¶ 123.)  Plaintiffs seek actual damages and punitive damages pursuant

13   to 15 U.S.C. § 1681(o) and (n)(a)(2).  (*Id*. at ¶¶ 127-28.)  Plaintiffs fail to sufficiently plead a claim

14   for violation of the FCRA that is plausible on its face.  The only information Plaintiffs identify that

15   was "wrongfully, improperly, and illegally" reported to the credit reporting agencies is the "excessive

16   amount of debt into which Plaintiff was tricked and deceived into signing," which Plaintiffs

17   themselves acknowledge they stopped making payments on.  (*Id*. at ¶¶ 123-25.)

18           **5.      Fraudulent Misrepresentation**

19           Defendants argue Plaintiffs' fraudulent misrepresentation claim against Defendant Bank of

20   America is time-barred and is not pled with particularity.  Federal Rule of Civil Procedure 9(b)

21   requires a party alleging fraud or mistake to "state with particularity the circumstances constituting

22   fraud or mistake" and is applied by a federal court to both federal law and state law claims.  *Vess v.*

23   *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir. 2003).  A pleading will be "sufficient under

24   Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an

25   adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995) (quotation omitted).  The

26   same is true for allegations of fraudulent conduct.  *Vess*, 317 F.3d at 1103-04.  In other words, fraud

27   allegations must be accompanied by "the who, what, when, where, and how" of the misconduct

28   charged.  *Id.* at 1106 (quotation omitted).  The elements of a fraud claim are false representation,

1  knowledge of falsity, intent to defraud, justifiable reliance, and damages. *Id.* (quotation omitted).

2  Although Plaintiffs allege each of these elements in the Complaint, they do not do so with the required

3  specificity.

4        Defendants further argue Plaintiffs' fraudulent misrepresentation claim against Defendant Bank

5  of America is time-barred.  A three-year statute of limitations applies to an action for relief on the

6  ground of fraud or mistake.  Cal. Code Civ. Proc. §§ 335, 338(d) ("The periods prescribed for the

7  commencement of actions other than for the recovery of real property, are as follows: [w]ithin three

8  years: . . . (d) [a]n action for relief on the ground of fraud or mistake.  The cause of action in that case

9  is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the

10  fraud or mistake.") Defendants assert, because Plaintiffs' claim is premised upon representations made

11  and actions taken at the time the loan closed, the claim is untimely.  In their opposition, Plaintiffs argue

12  they "did not begin to discover the misrepresentations until long after the closing of the loan, and are

13  still in the process of discovery . . . ."  (Opp. at 16-17.)  However, they do not make such allegations

14  as to discovery in the Complaint.

15        **6.    Breach of Fiduciary Duty**

16        Plaintiffs allege Defendant Bank of America, "by its actions in contracting to provide

17  mortgage loan services and a loan program to Plaintiff which was not only to be best suited to the

18  Plaintiff given their income and expenses but by which Plaintiff would also be able to satisfy their

19  obligations without risk of losing their home, were 'fiduciaries' . . . ."  (Comp. ¶ 137; *see also id.* at

20  ¶ 85 ("Defendants were under numerous legal obligations as fiduciaries and had the responsibility for

21  overseeing the purported loan consummation to insure that the consummation was legal, proper, and

22  that Plaintiff received all legally required disclosures pursuant to the Truth-In-Lending Act and RESPA

23  both before and after the closing.").)  Defendants contend Plaintiffs fail to plead a claim for breach of

24  fiduciary duty because a lender generally does not owe a fiduciary duty to a borrower.  Defendants

25  correctly cite *Nymark v. Heart Federal Savings & Loan Association,* 231 Cal. App. 3d 1089, 1093 n.1

26  (1991), for the general rule that the relationship between a lending institution and a borrower is not

27  fiduciary in nature.  A fiduciary relationship arises only where the lender takes on a special relationship

28  with the borrower, and Plaintiffs fail to allege facts giving rise to a special relationship here.

### 7.    Unjust Enrichment

Plaintiffs allege "Defendant [Bank of America] has been unjustly enriched at the expense of the Plaintiff, and maintenance of the enrichment would be contrary to the rules and principles of equity." (Comp. ¶ 144.)  Unjust enrichment is not itself an independent claim for relief.  *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006).  The Court therefore construes Plaintiffs' purported claim for unjust enrichment as an attempt to plead a claim for relief giving rise to a right of restitution.  A party is required to make restitution "if he or she is unjustly enriched at the expense of another.  A person is enriched if the person receives a benefit at another's expense." *McBride v. Boughton*, 123 Cal. App. 4th 379, 389 (2004) (citations and quotations omitted).  Plaintiffs fail, however, to adequately plead facts showing that any enrichment of Defendants was unjust as to them.

### 8.    Civil Conspiracy

Plaintiffs claim Defendants Bank of America and ReconTrust Company, N.A. participated in a civil conspiracy and allege "[i]n connection with the application for and consummation of the mortgage loan . . . , Defendants agreed, between and among themselves, to engage in actions and a course of conduct designed to further an illegal act or accomplish a legal act by unlawful means, and to commit one or more overt acts in furtherance of the conspiracy to defraud the Plaintiff." (Comp. ¶ 148.)  Plaintiffs further allege "all Defendants . . . conspired with each other to defraud the Plaintiff out of the proceeds of the loan; acted in concert to wrongfully deprive the Plaintiff of their residence; acted in concert and conspiracy to essentially steal the Plaintiff'[s] home and/or convert the Plaintiff'[s] home without providing Plaintiff reasonably equivalent value in exchange . . . ." (*Id.* at ¶ 98.)  Civil conspiracy itself is not an independent claim for relief.  *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510-11 (1994); *see also Entm't Research Grp. Inc. v. Genesis Creative Grp.*, 122 F.3d 1211, 1228 (9th Cir. 1997).  Rather, civil conspiracy is a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip.*, 7 Cal.4th at 510-11 (citation omitted).

Nonetheless, Plaintiffs fail to sufficiently plead a claim for relief for civil conspiracy in the Complaint.  Plaintiffs merely recite the elements of civil conspiracy: 1) the formation and operation

1   of the conspiracy, 2) wrongful conduct in furtherance of the conspiracy, and 3) damages arising from

2   the wrongful conduct.  *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995).

3   Plaintiffs fail to allege facts sufficient to support a claim for conspiracy and, notably, do not include

4   any facts specific to Defendant ReconTrust Company, N.A. in the Complaint at all.  Accordingly,

5   Plaintiffs civil conspiracy claim is dismissed as to all Defendants with leave to amend.

6          **9.     Civil RICO**

7          In support of their claim for a civil violation of the Racketeer Influenced and Corrupt

8   Organizations Act ("RICO") against all Defendants, Plaintiffs allege "Defendants' actions and use of

9   multiple corporate entities, multiple parties, and concerted and predetermined acts and conduct

10  specifically designed to defraud Plaintiff constitutes an 'enterprise', with the aim and objective of the

11  enterprise being to perpetrate a fraud upon the Plaintiff through the use of intentional nondisclosure,

12  material misrepresentation, and creation of fraudulent loan documents." (Comp. ¶ 156.)  Plaintiffs do

13  not adequately plead a civil RICO claim.  To state a claim under RICO, a plaintiff must allege the

14  existence of a RICO enterprise, the existence of a pattern of racketeering activity, a nexus between the

15  defendant and either the pattern of racketeering activity or the RICO enterprise, and resulting injury

16  to the plaintiff.  *Occupational-Urgent Care Health Sys., Inc. v. Sutro & Co.*, 711 F. Supp. 1016, 1021

17  (E.D. Cal. 1989).  To allege a pattern of racketeering activity, a plaintiff must allege two or more

18  predicate acts.  *Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 193 (9th Cir. 1987).  Such alleged

19  acts must be pled with specificity.  *Blake v. Dierdorff*, 856 F.2d 1365, 1370 (9th Cir. 1988).

20  Furthermore, when the alleged racketeering activity sounds in fraud, as here, the complaint must "state

21  with particularity the circumstances constituting fraud or mistake."  *In re Countrywide Fin. Corp.*

22  *Mortg. Mktg. & Sales Prac. Lit.*, 601 F. Supp. 2d 1201, 1215 (S.D. Cal. 2009) (quoting Fed. R. Civ.

23  P. 9(b)).  To satisfy Rule 9(b) in this context, the plaintiff must "state the time, place, and specific

24  content of the false representations as well as the identities of the parties to the misrepresentation."

25  *Id.* (quotation and citation omitted).  Plaintiffs here merely allege "[o]n information and belief and

26  given the volume of residential loan transactions solicited and processed by the Defendants, the

27  Defendants have engaged in two or more instances of racketeering activity involving different victims

28  but utilizing the same method, means, mode, operation, and enterprise with the same intended result."

10cv937

1  (Comp. ¶ 99.)  Plaintiffs do not sufficiently plead the existence of a pattern of racketeering activity,

2  nor do they sufficiently plead the existence of an enterprise under 18 U.S.C. § 1961(4).  *See Odom v.*

3  *Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) ("To establish the existence of . . . an enterprise,

4  a plaintiff must provide both evidence of an ongoing organization, formal or informal, and evidence

5  that the various associates function as a continuing unit." (internal quotation omitted)).  Plaintiffs' civil

6  RICO claim is therefore dismissed as to all Defendants with leave to amend.

7  **10.    Quiet Title**

8  To state a claim to quiet title, the complaint must be verified and a plaintiff must include a

9  description of the subject property, the title of the plaintiff as to which determination is sought and the

10  basis of the title, the claims adverse to the title, the date as of which the determination is sought, and

11  a prayer for determination of the title against the adverse claims.  Cal. Code Civ. Proc. § 761.020.

12  Plaintiffs allege "each of the Defendants claim or might claim an interest in the property adverse to

13  plaintiff herein."  (Comp. ¶ 165.)  Plaintiffs, however, fail to allege the nature of the adverse claims

14  and fail to identify the date as of which the determination is sought.  Accordingly, Plaintiffs' claim to

15  quiet title is dismissed as to all Defendants with leave to amend.

16  **11.    Usury and Fraud**

17  Plaintiffs assert a claim for relief for usury and fraud as to all Defendants. (Comp. ¶¶ 168-176.)

18  Defendants argue "[t]he California Constitution expressly exempts certain transactions and lenders,

19  such as banks and credit unions from its provisions.  Because Plaintiffs' loan was originated by

20  Countrywide Bank, N.A., a bank, their loan was expressly exempted from usury laws." (MTD at 20.)

21  Plaintiffs allege "no bank or other financial institution actually performing under the standards, rules

22  and regulations governing such institutions was the 'lender' which is the basis for Plaintiff's cause of

23  action for usury . . . ."  (Comp. ¶ 13.)  "The essential elements of usury are: (1) The transaction must

24  be a loan or forbearance; (2) the interest to be paid must exceed the statutory maximum; (3) the loan

25  and interest must be absolutely repayable by the borrower; and (4) the lender must have a willful intent

26  to enter into a usurious transaction." *Ghirardo v. Antonioli*, 8 Cal.4th 791, 798 (1994).  Plaintiffs

27  allege "[t]he 'formula rate' referenced in those laws was exceeded by a factor in excess of 10 . . . ."

28  (Comp. ¶ 174.)  Plaintiffs, however, fail to sufficiently allege how the interest itself received by

1    Defendants exceeded the statutory maximum rate.  Accordingly, Plaintiffs' claim for usury and fraud

2    is dismissed as to all Defendants with leave to amend.

3         **12.    Wrongful Foreclosure/Sale**

4         Plaintiffs claim Defendants were not properly authorized to foreclose upon the subject property

5    or to sell the subject property pursuant to a foreclosure sale.  (Comp. ¶¶ 177-82.)   Plaintiffs allege

6    their mortgage was securitized and, therefore, Defendants are not entitled to foreclose upon their

7    property because they cannot show a full chain of title.  (*Id.* at ¶¶ 33, 36.)  Plaintiffs' claim, however,

8    is belied by the language of their Deed of Trust and California's foreclosure statutes.  (MTD RJN Ex.

9    D.)  California Civil Code § 2924 sets forth the requirements for conducting nonjudicial foreclosure

10   proceedings and is intended to be exhaustive.  *See Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994);

11   *Homestead Sav. v. Darmiento*, 230 Cal. App. 3d 424, 432-33 (1991).   A trustee has authority to

12   conduct a nonjudicial foreclosure proceeding.  Cal. Civ. Code § 2924(a)(1).  Furthermore, it is well-

13   settled that California law does not require production of the note as a condition to proceeding with

14   a nonjudicial foreclosure proceeding.  *See id.*; *Quintos v. Decision One Mortg. Co.*, No. 08cv1757 JM

15   (POR), 2008 WL 5411636, at *3 (S.D. Cal. Dec. 29, 2008); *Tina v. Countrywide Home Loans, Inc.*,

16   No. 08cv1233 JM (NLS), 2008 WL 4790906, at *7-8 (S.D. Cal. Oct. 30, 2008); *see also Harrington*

17   *v. Home Capital Funding, Inc.*, No. 08cv1579 BTM (RBB), 2009 WL 514254, at * 4 (S.D. Cal. Mar.

18   2, 2009).   Accordingly, Plaintiffs' claim for wrongful foreclosure and sale is dismissed as to all

19   Defendants with leave to amend.

20                              **IV.**

21                         **CONCLUSION**

22        For the reasons stated above, Defendants' motion to dismiss is granted in its entirety.  Plaintiffs

23   may file an amended complaint consistent with this Order within twenty (20) days of the date this

24   //

25   //

26   //

27   //

28   //

1  Order is posted.  In light of the Court's disposition of Defendants' motion to dismiss, Defendants'

2  motion for a more definite statement is denied as moot.[2]

3       **IT IS SO ORDERED.**

4  DATED:  October 28, 2010

5  _____

6  HON. DANA M. SABRAW
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

_____

28  [2]       In their Opposition, Plaintiffs also request the Court to hold an evidentiary hearing as to multiple issues. In light of the Court's disposition of the instant motion, the Court declines to hold such a hearing at this stage in the proceedings.